**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Andres Figueroa**,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**Super Embroidery, LLC**, an Arizona limited liability company; **MPI Embroidery, LLC**, an Arizona limited liability company, and **Michael Palomares and Jane Doe Palomares**, a married couple,<br><br>　　　　　Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Andres Figueroa ("Plaintiff" or "Andres Figueroa"), sues the Defendants, Super Embroidery, LLC, MPI Embroidery, LLC, and Michael Palomares and Jane Doe Palomares ("Defendants" or "Super Embroidery") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201,

et seq., and unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime rate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

6. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

7. At all material times, Defendant Super Embroidery, LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Super Embroidery, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

8. At all relevant times, Defendant Super Embroidery, LLC owned and operated as "Super Embroidery," an embroidery and screen-printing company doing business in Maricopa County, Arizona.

9. Under the FLSA, Defendant Super Embroidery, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times Super Embroidery, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Defendants' employees, Defendant Super Embroidery, LLC is subject to liability under the FLSA.

10. At all material times, Defendant MPI Embroidery LLC is a limited liability duly licensed to transact business in the State of Arizona. At all material times, Defendant MPI Embroidery LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

11. At all relevant times, Defendant MPI Embroidery, LLC owned and operated as "Super Embroidery," an embroidery and screen-printing company doing business in Maricopa County, Arizona.

12. Under the FLSA, Defendant MPI Embroidery, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times MPI Embroidery, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Defendants' employees, Defendant MPI Embroidery, LLC is subject to liability under the FLSA.

13. Defendants Michael Palomares and Jane Doe Palomares are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Michael Palomares and Jane Doe Palomares are owners of Super Embroidery and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

14. Under the FLSA, Defendants Michael Palomares and Jane Doe Palomares are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Michael Palomares and Jane Doe Palomares had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to Defendants' employees, Defendants Michael Palomares and Jane Doe Palomares are subject to individual liability under the FLSA.

15. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

16. Defendants, and each of them, are sued in both their individual and corporate capacities.

17. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a

common business purpose; namely, the operation of an embroidery and screen-printing company doing in business in Maricopa County, Arizona.

20. At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiffs; and (2) Defendants were under common control. In any event, at all relevant times, all Defendants were joint employers under the FLSA.

21. Defendants are engaged in related activities, *i.e.*, all activities which are necessary to the operation and maintenance of the aforementioned company.

22. Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

23. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

24. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

25. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

26. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

27. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

28. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

29. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

30. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

31. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

32. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

33. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

34. Defendants own and/or operate as Super Embroidery, an embroidery and screen-printing company doing business in Maricopa County, Arizona.

35. In or around April 2023, Plaintiff began working for Defendants as shipping personnel, performing non-exempt hourly work.

36. At all relevant times, in his work for Defendants, Plaintiff was compensated, or supposed to be compensated, at an hourly rate of $16.

37. At all relevant times, in his work for Defendants, Plaintiff was compensated at an hourly rate of $16 for the work he performed.

38. Plaintiff, in his work for Defendants, was compensated at an hourly rate of $16, regardless of the number of hours he worked in a given workweek.

39. Plaintiff, in his work for Defendants, was compensated at an hourly rate of $16, regardless of the number of hours he worked in a given workweek, and regardless of whether he worked in excess of 40 hours in a given workweek.

40. At all relevant times, in his work for Defendants, Defendants classified Plaintiff as a W-2 employee.

41. Plaintiff worked for Defendants through approximately January 3, 2024.

42. During Plaintiff's employment with Defendants, Plaintiff generally worked approximately between 58 hours per workweek.

43. Specifically, Plaintiff generally worked 10-hour shifts Mondays through Fridays and an 8-hour shift on Saturdays.

44. Plaintiff often worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

45. At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for time spent working in excess of 40 hours in a given workweek.

46. During the time that Plaintiff worked for Defendants, Plaintiff generally worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay for such time, in violation of the FLSA, 29 U.S.C. § 207(a).

47. At all relevant times, Plaintiff worked approximately between ten (10) and twenty (20) hours of overtime per week.

48. To date, Defendants still have paid none of the overtime wages due and owing to Plaintiff for his entire employment with Defendants.

49. At all relevant times, in his work for Defendants Plaintiff was a non-exempt employee.

50. Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for his overtime hours.

51. Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

52. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

53. Plaintiff is a covered employee within the meaning of the FLSA.

54. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

55. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal

amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

56.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57.   Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

58.   In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours in a given workweek.

59.   As a result of Defendants' failure to pay Plaintiff one and one-half times the regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

60.   As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

61.   As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

62.   Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

63. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Andres Figueroa, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 30th day of January, 2024.

                                            BENDAU & BENDAU PLLC

                                            By: /s/ *Clifford P. Bendau, II*
                                            Clifford P. Bendau, II
                                            Christopher J. Bendau
                                            *Attorneys for Plaintiff*

**VERIFICATION**

Plaintiff, Andres Figueroa, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

                                                  _Andres_ (signature)
                                                  Andres Figueroa (Jan 30, 2024 20:17 MST)
                                                  Andres Figueroa